**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Segoviano, | No. CV 08-0588-PHX-GMS (HCE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Gilbert Segoviano brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #1). Defendant moved to dismiss for failure to exhaust administrative remedies (Doc. #7). Plaintiff failed to respond.

The Court will grant Defendant's motion.

**I.  Background**

Plaintiff's claims arose during his confinement at the Durango Jail in Phoenix, Arizona (Doc. #1 at 1). In Count I, Plaintiff alleged that the terrible living conditions at the jail violated his Eighth Amendment rights (id. at 4). He claimed that there were four inmates housed in a two-person cell, black mold, asbestos and lead-based paint, airborne viruses, and a lack of fresh air. He also alleged that he was served just two meals a day and exposed to severely infected inmates (id.).[1] Plaintiff stated that as a result of these conditions, he became infected with tuberculosis and suffered stress, insomnia, and severe

---

[1] Upon screening, the Court dismissed Counts II and III, which related to conditions and medical care at the Lower Buckeye Jail (Doc. #4).

headaches (id.).

The Court ordered an answer to the Complaint, and Defendant filed a Motion to Dismiss (Doc. ##4, 7).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #7). In support, Defendant submitted the affidavit of Susan Fisher, a sergeant assigned to the Inmate Hearing Unit (id., Ex. 1, Fisher Aff. ¶ 1). Fisher described the jail's grievance procedures, which are set out in Policy DJ-3 (id. ¶ 3, 5). The three-tiered grievance system includes an initial grievance and appeal to the Bureau Hearing Officer, the Institutional appeal, and the External Appeal (id. ¶ 5). Fisher attested that inmates are informed of the grievance procedures when they receive a copy of the "MCSO Rules and Regulations for Inmates" (id.). According to the sheriff's office grievance records, Plaintiff filed one grievance during his confinement in the jail, and that grievance concerned a request for medication for tuberculosis (id. ¶¶ 7-8). In addition to the affidavit, Defendant submitted a copy of the Inmate Grievance Procedure, Policy DJ-3 (id., Ex. A); excerpts from the "MCSO Rules and Regulations for Inmates" (id., Ex. B); and a copy of Plaintiff's singular grievance (id., Ex. 2).

The Court informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #8).[2] Plaintiff did not file a response.[3] The time for responding has expired, and the motion is ready for ruling.

**II.   Exhaustion**

The PLRA provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th

---

[2] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

[3] Unlike subsequent Orders that were returned in the mail, the Wyatt Order regarding the Motion to Dismiss was not returned. According to documentation on mail that was later returned, Plaintiff was released from jail (Doc. ##10, 12). He has failed to notify the Court of his change of address as required under Local Rule of Civil Procedure 83.3(d).

- 2 -

1   Cir. 2006); <u>Brown v. Valoff</u>, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the
2   administrative review process in accordance with the applicable rules.  <u>See</u> <u>Woodford v.
3   Ngo</u>, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life,
4   <u>Porter v. Nussle</u>, 534 U.S. 516, 523 (2002), regardless of the type of relief offered
5   through the administrative process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

6         Exhaustion is an affirmative defense.  <u>Jones v. Bock</u>, 127 S. Ct. 910, 919-21
7   (2007).  Defendant bears the burden of raising and proving the absence of exhaustion.
8   <u>Wyatt</u>, 315 F.3d at 1119.  Because exhaustion is a matter of abatement in an
9   unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide
10  disputed issues of fact.  <u>Id.</u> at 1119-20.  Further, a court has broad discretion as to the
11  method to be used in resolving the factual dispute.  <u>Ritza v. Int'l Longshoremen's &
12  Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

13        Contrary to Defendant's contention, compliance with the PLRA exhaustion
14  requirement as to some, but not all, claims does not warrant dismissal of the entire action
15  (<u>see</u> Doc. #7 at 3).  <u>Jones</u>, 127 S. Ct. at 924-26.  If the complaint contains both exhausted
16  and unexhausted claims, the Court should proceed with the exhausted claims.  <u>Id.</u> at 924.
17
18  **III.   Analysis**
19        As stated, Defendant bears the burden of proving lack of exhaustion and therefore
20  must demonstrate that there were remedies available to Plaintiff.  <u>See</u> <u>Wyatt</u>, 315 F.3d at
21  1119; <u>Brown</u>, 422 F.3d at 936-37.  Defendant submits evidence showing that a grievance
22  system was available at the jail, that inmates could grieve any issue, and that Plaintiff did
23  not file any grievances related to claims about jail conditions (Doc. #7, Ex. 1, Fisher Aff.
24  ¶¶ 4-5, 8).

25        In his Complaint, Plaintiff indicates that a grievance system was available at the
26  jail and that he submitted a request for administrative relief (Doc. #1 at 3).  He states that
27  he did not appeal his request for relief to the highest level because he was told that his
28  claims were not grievable (<u>id.</u>).  But Plaintiff does not identify who told him that he could

1  not grieve his claims or when he was told this. Without more specific allegations,
2  Plaintiff cannot overcome Defendant's evidence that a grievance system was available for
3  the claims raised in his Complaint.
4      On this record, Plaintiff failed to exhaust his available administrative remedies.
5  Defendant's motion will therefore be granted.

6  **IV.   Failure to Respond**

7      Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(i)
8  to deem Plaintiff's lack of response as consent to Defendant's Motion to Dismiss.
9  Plaintiff was warned of this possibility (Doc. # 8). The Ninth Circuit Court of Appeals
10 has upheld a dismissal based on a failure to comply with a similar local rule in the District
11 of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal
12 on this basis, the Court must weigh "(1) the public's interest in expeditious resolution of
13 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
14 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
15 availability of less drastic sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d
16 1421, 1423 (9th Cir. 1986)).

17     The first factor "always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d
18 983, 990 (9th Cir. 1999). The second factor usually favors dismissal, and this case is no
19 exception. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). There is no risk
20 of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also
21 favors resolution of this action. Public policy favors disposition of cases on their merits,
22 so the fourth factor weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643
23 (9th Cir. 2002). For the fifth factor, dismissal without prejudice is the least drastic
24 sanction.

25     In sum, the five-factor analysis weighs in favor of dismissal. The Court will
26 therefore deem Plaintiff's failure to respond as a consent to the granting of the motion.
27
28     **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #7) is **granted**.

1  Plaintiff's action is dismissed without prejudice for failure to exhaust or, alternately, for
2  failure to respond.  The Clerk of Court must enter judgment of dismissal accordingly.
3  DATED this 7th day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge